**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JEFFREY THOELE,

     Plaintiff,

     v.

CHRISTOPHER DRAKE, et al.,

     Defendants.

Case No. 25-2227-JWB-ADM

**MEMORANDUM AND ORDER**

Plaintiff Jeffrey Thoele was driving a farm tractor on US Highway 69 when he was struck by a semi-truck driven by defendant Christopher Drake.  Thoele brings this negligence action against Drake and Drake's former employer, Orgill Transportation Co., LLC ("Orgill," and together with Drake, "defendants"), for damages sustained in the collision.  The matter comes before the court, first, on defendants' motion for discovery sanctions against Thoele for failing to timely identify his treating spine surgeon and produce records in connection with his ongoing medical treatment.  (ECF 59.)  Defendants ask the court to exclude evidence of Thoele's 2026 spine surgery, exclude any lay or expert opinions related to the surgery or Thoele's prognosis thereafter, and award defendants their attorney's fees in bringing the motion.  Also before the court is defendants' unopposed motion for extension of time to designate their medical experts.  (ECF 66.)  For the reasons explained further below, the motion for sanctions is granted in part and denied in part, and the motion for extension of time is granted.  The court does not exclude evidence, but extends deadlines to ameliorate prejudice that the delay caused defendants.  The court also awards defendants their fees incurred in bringing the motion for sanctions.

1

## I.    BACKGROUND

Discovery in this case opened in May 2025, and defendants served interrogatories on Thoele.  In response to certain interrogatories, Thoele identified his medical providers and stated that he was continuing to receive treatment for a back injury.  (ECF 60-1.)  On December 12, Thoele filed his expert-witness designations, identifying one retained expert and a number of non-retained treating physicians.  (ECF 44).  On December 22, Thoele disclosed during mediation that he had scheduled a lumbar surgery in April 2026.  That was the first time Thoele mentioned the upcoming surgery to his counsel or to defense counsel.  On that same date, defendants asked Thoele to update his interrogatory answers by disclosing his provider and information regarding his claims for damages related to the purported upcoming surgery, and Drake also requested he sign an authorization to release his medical records and bills from the new treating surgeon.  In response, Thoele's counsel acknowledged that Thoele was responsible for providing his treating surgeon's records, but relayed Thoele's concern that if the surgeon became aware of the pending litigation and received medical-record requests from defense counsel, the surgeon might be "scare[d] away from assisting him."  (ECF 60-3, at 7.)

On January 29, 2026, the court convened a discovery conference to discuss discovery related to Thoele's on-going treatment and scheduled surgery.  (ECF 54.)  During the conference, the court vacated most scheduling-order deadlines, but declined to extend the February 2 discovery-completion deadline, noting that instead, "the parties may continue to conduct discovery, by agreement, after the deadline."  (ECF 55.)  The court directed the parties to file a joint status report by May 22 to report on the status of the case after plaintiff's surgery and to propose new case-management deadlines.  (*Id.*)  On May 20, the parties reported that Thoele underwent surgery on April 22 and was hoping to be released from care in early June.  They stated

that Thoele intended to produce medical records related to the surgery to defendants, who would then review them and "identify medical and damages experts." Considering this report, the court entered the second amended scheduling order. (ECF 58.) Among other deadlines, the court set a July 15 deadline for defendants to disclose their experts and an August 28 expert-discovery deadline.

On June 9, defense counsel asked Thoele's counsel for the surgical treatment records. But as of that date, Thoele had not provided them to his counsel or identified his surgeon. On June 23, still having received nothing from Thoele, defendants filed the present motion for discovery sanctions. On June 29, Thoele filed his response brief. Therein, Thoele identified his surgeon as Stephen Reintjes and stated that he was released from Dr. Reintjes's care on June 25. (ECF 61, at 2.) He further stated that his counsel was "in the process of obtaining a signed authorization so that defense counsel can obtain [his] recent medical records" and also that his counsel had requested the records and would provide copies to defense counsel upon receipt. The response further stated that Dr. Reintjes has agreed to "make himself available for deposition and is going to provide an affidavit regarding his opinions about Mr. Thoele's injuries and need for back surgery." (*Id.*) For these reasons, Thoele argued that the motion for sanctions was "unnecessary."

On July 14, defendants filed the present motion for extension of time to designate medical expert opinions. Defendants state that they now have received some, but not all, of Thoele's 2026 surgery records. Defendants request an extension of the deadline to designate medical experts to "thirty (30) days after the receipt of all of Plaintiff's 2026 medical records, diagnostic films, and medical bills." (ECF 66, at 3.) Thoele does not oppose the extension request.

3

## II.     LEGAL STANDARDS

Defendants seek sanctions against Thoele under Federal Rule of Civil Procedure 37(c) for his failure to supplement his discovery responses with the identity of his treating spine surgeon and with his medical records related to his ongoing treatment.  (ECF 60, at 5.)  Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," the court may issue sanctions to prohibit the party from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  In addition to or instead of exclusion of evidence, the court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(c).  In determining whether a party's failure to provide information was justified or harmless, the Tenth Circuit has directed the court to consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).  Ultimately, the decision to exclude evidence is "entrusted to the broad discretion of the district court."  *HCG Platinum,* 873 F.3d at 1200 (cleaned up) (quoting *Neiberger v. Fed Ex Ground Package Sys., Inc.,* 566 F.3d 1184, 1191–92 (10th Cir. 2009)).

## III.     ANALYSIS

Thoele does not deny that he was untimely in identifying his spine surgeon and in still not producing all of his medical records.  He has violated Rule 26(e), which requires a "party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—[to] supplement or correct its disclosure or response in a

timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Even so, under the *Woodworker's Supply* factors that the court considers, the court finds the untimely disclosure to be harmless.

First, defendants have been prejudiced. Defendants state, and Thoele does not dispute, that Thoele's delay in identifying the name of his surgeon has heretofore prevented defendants "from the opportunity to send subpoenas to the treating providers to obtain the records." (ECF 60, at 5.) Defendants further note that under the current scheduling order, they are "required to identify their experts and produce reports on July 15, 2026." (*Id.*) They assert that they "are not in a position to have experts form opinions relating to the Plaintiff's post-accident care [and] the defense experts on damages will not have the ability to form final opinions prior to July 15th." (*Id.*) Finally, defendants were prejudiced by having to expend resources to bring their motion for sanctions, which appears to have influenced Thoele to identify his surgeon and agree to the release of related medical records. Thus, under the first *Woodworker's Supply* factor, the court finds that Thoele's delay in identifying his spine surgeon and producing medical records related to his April surgery prejudiced defendants.

However, under the second and third factors, the court has the ability to cure the prejudice without disrupting the trial. Trial has not yet been scheduled in this case. Defendants have moved for, and plaintiff does not oppose, an extension of the medical-expert-disclosure deadline until 30 days after they receive Thoele's 2026 medical records, diagnostic films, and medical bills. (ECF 66, at 3.) The court **grants** that motion. The court orders Thoele to file a certification once his production is complete and he has supplemented his past discovery responses. Defendants' expert

medical disclosures will be due 30 days after the certification.  The court cautions Thoele that, particularly given the age of this case, the court expects Thoele to take all reasonable steps to obtain and produce these records as expeditiously as possible.  The court vacates remaining scheduling-order deadlines.  Once Thoele files the certification, the court will re-set the remaining deadlines.

Moreover, the court will alleviate the cost to defendants incurred in bringing the motion for sanctions by awarding defendants their attorney's fees related to the same.  The court directs counsel to meet and confer on the appropriate amount of fees by **July 30.**  Should the parties be unable to reach agreement on this amount, defendants may file a motion by **August 6** for the court to set the amount, attaching billing records to support the request.

The fourth *Woodworker's Supply* factor is the moving party's bad faith or willfulness.  The court finds this factor is neutral.  Thoele's delay in identifying his surgeon and producing records, while not demonstratively in bad faith, was certainly willful.  Thoele explained during the January 29 discovery conference his reluctance to identify the surgeon in advance of the surgery, and the parties reached an agreement whereby Thoele would identify the surgeon and produce the related records after his anticipated release from the surgeon's care "in early June."  (ECF 58, at 1.)  The record is unclear as to why Thoele waited until June 29—after the motion for sanctions was filed— to identify Dr. Reintjes.  Nonetheless, Thoele has begun producing his medical records as expeditiously as the third-party providers supply them.

After considering the *Woodworker's Supply* factors as a whole, the court concludes that the prejudice caused by Thoele's discovery violations can be ameliorated with a few steps.  Thus, the court declines to impose the austere sanction of exclusion of evidence.  Instead, the court

extends scheduling-order deadlines and orders Thoele to pay defendants' reasonable attorney's fees incurred in bringing the motion for sanctions.

**IT IS THEREFORE ORDERED** that defendants' motion for discovery sanctions (ECF 59) is granted in part and denied in part.  The court denies the motion to the extent it seeks exclusion of evidence, but grants the motion to the extent it seeks recovery of defendants' attorneys' fees  in bringing the motion.

**IT IS FURTHER ORDERED** that defendants' unopposed motion for extension of time to designate their medical experts (ECF 66) is granted.    Defendants' expert medical disclosures are due 30 days after Thoele certifies that he has completed the supplementation of his document production and discovery responses with information related to his April spine surgery.  The remaining scheduling-order deadlines are vacated.

Dated July 20, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge